

**ORDERED in the Southern District of Florida on November 14, 2012.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>GINN-LA ST. LUCIE LTD., LLLP, *et al.*,<br><br>           Debtors.<br>_____/ | LEAD CASE NO. 08-29769-PGH<br>All Cases Jointly Administered<br><br>Chapter 7<br><br>(4 Cases Substantively Consolidated<br>Under Lead Case No. 08-29769-PGH)[1] |
| In re:<br>GINN-LA QUAIL WEST LTD., LLLP, *et al.*,<br><br>           Debtors.<br>_____/ | (3 Cases Substantively Consolidated<br>Under Lead Case No. 08-29774)[2] |

**ORDER GRANTING
TRUSTEE DILLWORTH'S MOTION TO APPROVE SETTLEMENT OF
ADVERSARY PROCEEDING AGAINST GINN, LUBERT-ADLER, *ET. AL*,
AND TO AUTHORIZE PAYMENT OF AMOUNTS DUE UNDER
<u>ORDER APPROVING EMPLOYMENT OF SPECIAL LITIGATION COUNSEL</u>**

THIS MATTER came before the Court on November 14, 2012, at 10:30 a.m,

for an evidentiary hearing on Trustee Dillworth's Motion to Approve Settlement of Adversary

---

[1] The "Tesoro Debtors' Estates" (Nos. 08-29769-PGH, 08-29770-PGH, 08-29772-PGH, 08-29773-PGH) are substantively consolidated into Lead Case No. 08-29769-PGH. *See* ECF Nos. 308, 309. The "Tesoro Debtors" and the last four digits of their respective tax identification numbers are: (i) Ginn-LA St. Lucie Ltd., LLLP – 5632; (ii) Ginn-St Lucie GP, LLC – 0983; (iii) Tesoro Golf Club Condo., LLC – 4385; (iv) The Tesoro Club, LLC – 1917. *See* 11 U.S.C. § 342(c)(1).

[2] The "Quail West Debtors' Estates" (Nos. 08-29774-PGH, 08-29775-PGH, and 08-29776-PGH) are substantively consolidated into Lead Case No. 08-29774-PGH. *See* ECF No. 34. The "Quail West Debtors" and the last four digits of their respective tax identification numbers are: (i) Ginn-LA Quail West Ltd., LLLP – 2397; (ii) Ginn-Quail West Beach, LLC – 9142; and (iii) Ginn-Quail West GP, LLC – 6313. *See* 11 U.S.C. § 342(c)(1).

Proceeding Against Ginn, Lubert-Adler, et al., and to Authorize Payment of Amounts Due Under Order Approving Employment of Special Litigation Counsel (the "Motion") [ECF No. 659].

The Trustee's Motion seeks approval, under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019, of a settlement with the "Ginn" and "Lubert-Adler" Defendants in Adv. Pro. No. 10-02976-PGH which would resolve that proceeding and yield a total of $25 million in settlement proceeds ($23,800,000 for the Tesoro Debtors' Estates; $1,200,000 for the Quail West Debtors' Estates). In addition, the Trustee also seeks authority to pay, from the settlement proceeds to be recovered, the contingency fee and costs due under this Court's earlier Order approving the employment of Eugene E. Stearns, Esq. and Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. as Special Litigation Counsel (the "Employment Order") [ECF No. 449].

The Trustee's Motion attached, as Exhibit A, a copy of the Settlement Agreement, and a corrected version has since been filed which made minor changes that do not impact the Trustee, the Debtors' Estates, or their creditors [ECF No. 666].

This Court has reviewed the Motion, the Settlement Agreement, and other exhibits, and has received a proffer of evidence in support of the relief requested. No objections to the Motion were filed or otherwise made.

The Court hereby accepts the proffer of evidence made in support of the relief requested, and finds:

(a) the Settlement Agreement is fair, reasonable, and adequate within the parameters established in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990), and is in the best interests of the creditors of the Tesoro Debtors' Estates and the Quail West Debtors' Estates;

(b) under the Employment Order, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. is entitled to be paid, from the settlement proceeds to be recovered, a contingency fee of 30% of the amounts to be recovered for the benefit of the Debtors' Estates;

(c) the litigation costs for which reimbursement is sought are reasonable and within the parameters of the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases; and

(d) good and sufficient notice of the Motion and the evidentiary hearing thereon has been provided to all interested parties.

Thus, it is hereby **ORDERED** as follows:

1. The Trustee's Motion is **GRANTED**.

2. The Settlement Agreement, as corrected, is **APPROVED** in all respects, and the terms and provisions thereof are incorporated herein, as if fully stated.

3. To the extent the Trustee receives the $25 million in settlement proceeds in a lump sum or sums which are not allocated between the Tesoro and Quail West Debtors' Estates, the Trustee is hereby authorized to deposit the payment(s) received into an account maintained for the benefit of the Tesoro Debtors' Estates, and then to transfer $1,200,000 to an account maintained for the benefit of the Quail West Debtors' Estates, without need of further Court Order.

4. The Trustee is also hereby authorized to pay Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.:

    A. from the settlement proceeds to be recovered for the benefit of the Tesoro Debtors' Estates, a contingency fee of $7,140,000, and costs in the amount of $127,384, for a total of $7,267,384; and

    B. from the settlement proceeds to be recovered for the benefit of the Quail West Debtors' Estates, a contingency fee of $360,000, and costs in the amount of $127,384, for a total of $487,384;

    without need of further Court Order.

5. The Court shall retain jurisdiction to enforce the Settlement Agreement and the other matters addressed herein.

# # #

**Submitted by and Copy furnished to:**

Harold D. Moorefield, Jr., Esq.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL 33130

(Attorney Moorefield shall serve a conformed copy of this Order as provided herein and file a Certificate of Service)